## OWENS v. UNITED STATES.*

### No. 6459.

United States Court of Appeals for the District of Columbia.

Decided June 1, 1936.

*Writ of certiorari denied 57 S. Ct. 23, 81 L. Ed. ——.

John P. Mullen, of Washington, D. C., for appellant.

Leslie C. Garnett and Samuel F. Beach, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal by William Owens from a judgment of the lower court convicting him of murder in the second degree. The record contains the entire testimony introduced at his trial, and by written stipulation of counsel, both for the government and defense, no briefs were filed in the case and no oral argument was made to this court, and the case was submitted upon the record and bill of exceptions alone.

A motion to dismiss the appeal was made by the government upon the ground that the rules prescribed by the Supreme Court of the United States for procedure in criminal cases in this court had not been complied with by the appellant in attempting to take his appeal. We have not overlooked this motion, but, under the circumstances of the case, we have felt that we would be justified in inquiring into the substantial merits of the appeal and this we have done.

On November 6, 1931, the appellant was indicted upon a charge that on July 2, 1931, in the District of Columbia he caused the death of one Elsie Louise Bryant by means of gunshot wounds inflicted upon her person by him, and that the homicide was committed by him purposely and of deliberate and premeditated malice.

On November 11, 1931, Owens pleaded not guilty. On December 15, 1931, the counsel acting for Owens appeared in court and alleged that they believed that Owens was of unsound mind; that his mental condition was such that he was unable to confer with his attorneys concerning the charge upon which he was indicted; and therefor counsel requested that the sanity of Owens should be inquired into according to the statute in such case made and provided. It appears that a jury was impaneled in the case and returned a verdict finding Owens to be then of unsound mind. He was then committed to St. Elizabeth's Hospital for the Insane.

Afterwards, to wit, in November, 1934, a second jury was impaneled under the statute to inquire into the sanity of Owens, and, after hearing the testimony in the case, the jury returned a verdict finding him to be then of sound mind. Whereupon Owens was remanded to the Washington Asylum and Jail to await a trial upon the indictment.

On March 26, 1935, Owens was put upon trial. It appears from the record that no claim was made that Owens was of unsound mind at the time of this trial. The defendant was represented by counsel and himself appeared in court at the trial and voluntarily became a witness in his own behalf.

The testimony tended to show that on or before July 2, 1931, Owens, who was a man about 72 years of age, married, and living with his wife, had become infatuated with one Elsie Louise Bryant, who was about 14 years of age and who then lived in Washington, D. C. Owens up to that time had steady employment, first as a workman and then as a captain of a river dredge, and was in the receipt of good wages; that he had accumulated a substantial amount of money; that after he came in contact with Miss Bryant he neglected his work and gave part of his income to her, among other things buying an automobile for her use; and that he repeatedly met her. It appears that about the time of the homicide Miss Bryant had begun to keep company with a young man, and this fact was known to Owens, and on July 2, 1931 Owens, armed with a pistol, appeared in the company of his wife at the home of Miss Bryant, and, after a few words with her and her sister, he began to fire upon each of them in turn, seriously wounding the sister and instantly causing the death of Miss Bryant. Owens immediately surrendered himself to a police officer and was taken into custody. These facts appear from the testimony produced at the trial, and the sole defense made at the trial for Owens was that he was insane at the time of the homicide. The

272

testimony introduced at the trial is contained in the bill of exceptions, and it appears that a number of witnesses, some of them expert witnesses, testified that Owens was of unsound mind at the time of the homicide. Other witnesses, however, with apparently better knowledge and possessing greater intelligence, exceeding also in number those introduced by the defense, testified that Owens was not of unsound mind at the time in question.

The jury returned a verdict of guilty of murder in the second degree, and the court imposed a sentence of imprisonment for life. The present appeal was then taken by Owens, and the following was stated in this court as the grounds of appeal: "That he [Owens] was convicted by a jury in the Supreme Court of the District of Columbia on a charge of murder in the second degree; that said conviction was erroneous in that the trial justice erred in its instructions to the jury, especially in that it instructed them that they could return a verdict of murder in the second degree, whereas from the evidence it should have limited them to two possible verdicts, that is to say, murder in the first degree, or not guilty by reason of insanity, and to which the defendant excepted, and for such other and further exceptions as noted by the defendant as appearing in the record."

It is manifest that the statement in the foregoing grounds of appeal that the defendant was convicted upon a charge of murder in the second degree relates to the verdict of conviction and not to the charge made in the indictment, which, as already stated, charged murder in the first degree.

It was contended in behalf of Owens at the trial that under the testimony the jury could lawfully find but one of two verdicts, (1) murder in the first degree, or (2) acquittal upon the ground of insanity, and that the verdict of murder in the second degree was erroneous and could not be sustained.

It is not contended by appellant that the court erred in its charge respecting the definition of murder in the second degree, but his contention is that under no circumstances could the defendant be convicted of murder in the second degree under the testimony in this case.

At the trial the defendant presented a request for instruction to be given to the jury by the court in its charge which was as follows: "The jury are instructed that

where evidence is given, on a trial for murder, of the insanity of the accused, as in the case on trial, the burden of proving his sanity beyond a reasonable doubt is on the prosecution, and if after consideration of all the evidence they have such a reasonable doubt they should return a verdict of not guilty."

The court read this instruction to the jury.

Whereupon counsel for the defendant stated to the court:

"One other thing, if your Honor please. May I respectfully note an exception to your Honor's ruling with respect to any other verdict other than first degree murder? * * * May I have that exception if your Honor please?

"The Court. Certainly. I think it is necessary for me to submit to the jury the question as to both degrees of murder."

We are of the opinion that the contention of the defendant cannot be sustained. The court instructed the jury that, unless they found that the defendant was of sound mind when he committed the homicide, they should acquit him. This was correct, but it is clear that, if the jury found the defendant to have been of sound mind from the testimony, the question was then presented to them concerning the degree of defendant's guilt in committing the homicide. If found to be of sound mind when he committed the homicide, he might be found guilty on the testimony of murder in the first degree, or murder in the second degree. This alternative cannot be affected at all by the plea of insanity if the jury did not find in favor of such plea. If the jury found that the defendant was of sound mind at the time of the homicide, the case remained for consideration as if no plea of insanity had been interposed by the defendant, and the question remained as it would have been in the absence of such a plea, for the jury to determine whether the act of the defendant was murder in the first or second degree. It cannot be said that as a matter of law the court should have instructed the jury that, if the defendant was of sound mind when he committed the homicide, he was then guilty as a matter of law of premeditated murder, and, if it be said that the jury would have been justified on the testimony in finding the defendant guilty of murder in the first degree, the defendant cannot complain that they did no more than find him guilty of murder in the sec-

ond degree. The mistake in such case was not to his prejudice. It was for the jury to determine whether, if Owens was sane at the time of the homicide, he committed it with malice aforethought, but not purposely and of deliberate and premeditated malice.

The grounds of appeal refer in general terms to "such other and further exceptions as noted by the defendant as appearing in the record." These relate to eight several exceptions taken in the course of the trial with respect to the admission or exclusion of evidence. We have examined these with care, but find them without merit, and think it unnecessary to discuss them in detail.

In our view of the case, therefore, without discussing the procedure adopted by the appellant when taking the present appeal, we are convinced that there was no error committed by the trial court, and its judgment is hereby affirmed.

Affirmed.